UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

  -v-                                                      CASE NO.  5:20-CR-00243

DENNIS NELSON,
                      Defendant.

---

# **SENTENCING MEMORANDUM**

DATED: May 31, 2023                                     Respectfully submitted,

                                                                       LISA A. PEEBLES
                                                                       Federal Public Defender

                                            By:   Randi J. Bianco, Esq.
                                                        Assistant Federal Public Defender
                                                         Bar Roll No. 507514
                                                         Clinton Exchange, 3rd Floor
                                                         4 Clinton Square
                                                         Syracuse, New York   13202
                                                         (315) 701-0080

I.    **PRELIMINARY STATEMENT**

On March 23, 2023, pursuant to a biding Rule 11(C) (1) C) plea agreement, Ms. Dennis Nelson[1] plead guilty to Counts 1, 3 and 5 of a six count indictment charging her with Threat by Mail in violation of 18 U.S.C. § 876(c). She is currently scheduled for sentencing on July 6, 2023. The remaining counts of the indictment will be dismissed at sentencing.

The United States Probation Department prepared a Presentence Investigation Report (*hereinafter* "PSR") on May 16, 2023, in anticipation of Ms. Nelson's sentencing. The PSR sets forth a total advisory Offense Level of 21 (after acceptance) and a Criminal History Category of VI, resulting in an advisory guideline range of 77 to 96 months imprisonment (PSR ¶95). The agreed upon disposition pursuant to the plea agreement is 84 months to be followed by three years of supervised release and a special assessment of $300 (PSR ¶ 98).

The Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005) and *United States v. Fan-Fan*, 125 S.Ct. 738 (2005), held that the guidelines are only advisory. *See* 18 U.S.C. § 3553 (a)(4). In determining a sentence, a Court must not only consider guideline calculations, but also equally take into account all other statutory concerns listed in 18 U.S.C. § 3553 (a)(2), as well as the Defendant's unique circumstances. *See* § 3553 (a) (Supp. 2004).

---

[1] Ms. Nelson is a transgender female and uses she/her pronouns.

The Sentencing Reform Act provides, in part, that: The Court shall impose a sentence *sufficient, but not greater than necessary*, to comply with the purposes set forth in Paragraph (2) of this subsection. The Court, in determining the particular sentence to be imposed shall consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant; and
(2) The need for the sentence imposed:
    (A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) To afford adequate deterrence to criminal conduct;
    (C) To protect the public from further crimes of the defendant; and
    (D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. §3553(a).

Ms. Nelson respectfully submits this memorandum in support of the agreed upon sentence of 84 months as such a sentence would be "sufficient, but not greater than necessary" to achieve the statutory purposes of punishment as required by 18 U.S.C. § 3553(a)(2).

## II. THE NATURE AND CIRCUMSTANCES OF THE OFFENSE

On September 2, 2020, Ms. Nelson was indicted for writing threatening letters to a federal judge and two members of Congress. (Dkt. No. 1.) At the time the letters were written Ms. Nelson was an inmate of the New York State Department

of Corrections and Community Supervision[2]. After being indicted, Ms. Nelson was moved into federal custody at FMC Devens, a Bureau of Prisons ("BOP") medical facility in Massachusetts. (Feb. 15, 2022 Forensic Report, filed separately as Medical Records, at 5.) While at FMC Devins, she was diagnosed with delusional disorder in light of her grandiose statements and prescribed Geodon, an antipsychotic medication (Forensic Report at p. 5). Ms. Nelson states the reason she continued to write threatening letters was to "stay in prison a lot longer because I think its safer than me going on the street and doing it all over again." [PSR ¶ 18].

### III.  HISTORY AND CHARACTERISTICS OF MS. NELSON

**a) Childhood**

Ms. Nelson was born in Auburn, New York. Her mother was mentally ill and in and out of psychiatric hospitals. Her parents divorced when she was young and her mother later remarried. Thereafter her stepfather adopted her. Ms. Nelson describes her stepfather as an alcoholic who went on to sexually abuse her. She describes her childhood as chaotic and rife with physical abuse and instability (Forensic Report at p. 5).

---

[2] Ms. Nelson allegedly wrote the current threatening letters while she was in custody for writing other threatening letters to federal and state officials. Ms. Nelson has been writing threatening letters from prison for a number of years and has been convicted of such conduct several times. [PSR ¶¶ 55-64]

4

b) **Mental health Issues**

Ms. Nelson is 52 years old with a fifth-grade education. She has exhibited severe behavioral problems for most of her life and she received social security disability before her incarceration. (Forensic Report at pp. 3-4.) She was committed to various residential treatment facilities for most of her teen years. *Id*. at 4. The majority of her adult life has been spent in prison. *Id*. at 4-5. She has been diagnosed over the years with a variety of mental health conditions, including schizophrenia, antisocial personality disorder, delusional disorder, dysthymic disorder, gender dysphoria, intermittent explosive disorder, and persistent depressive disorder. *Id*. Her symptoms have included hallucinations, and grandiose statements. *Id*. at 4-5. Psychological testing revealed that she functions in the borderline range and has an underdeveloped left-brain hemisphere (PSR ¶¶ 80, 82). Throughout her time in custody, she has repeatedly attempted to harm herself including cutting, biting, and inserting objects into her body (PSR ¶ 82). She has a number of scars on her body due to her self-inflicted injuries (Forensic Report at p. 5.). At the time of the PSR interview she proudly conveyed that she has not attempted suicide in 153 days (PSR ¶ 84). She revealed that this is the longest stretch of time that she has ever gone without self-harm.

"A criminal sentence must reflect an individualized assessment of a particular

defendant's culpability rather than a mechanistic application of a given sentence to a given category of crime." *United States v. Barker,* 771 F.2d 1362, 1363 (9th Cir.1985); *see also Landrigan v. Schiro*, 441 F.3d 638, 648 (9th Cir. 2006) (holding that "where a defendant's crime is attributable to a disadvantaged background or emotional or mental problems the defendant is less culpable than one without the excuse"). Here, Ms. Nelson's crime is directly attributable to her mental health issues and a sentence of 84 months properly assesses her criminal culpability.

c) *Physical Health Issues*

The guidelines also indicate that physical conditions are relevant in determining departure "if the condition or appearance, individually or in combination with other offender characteristics, is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines." U.S.S.G. § 5H1.4.

Along with the aforementioned mental health conditions, Ms. Nelson also suffers from numerous physical health conditions. She is confined to a wheelchair due to Avascular Necrosis of the right hip [3]. Ms. Nelson had been diagnosed when she was young with Klinefelter's Syndrome. Klinefelter's Syndrome is a genetic disorder that is characterized by an additional "X" chromosome in males. This

---

[3] Avascular necrosis is a painful bone condition that gets worse over time and can affect your mobility. It occurs when something cuts off blood flow to one of your bones. Avascular Necrosis (Osteonecrosis): What Is It, Symptoms, Causes & Treatment (clevelandclinic.org)

condition affects physical, educational, and social development. She also suffers from Aplastic Anemia[4] for which she receives blood transfusions at an outside hospital once per week and has done so for many years. She further suffers from Factor V Leiden Mutation[5], Type II Diabetes, Neuropathy, Vitamin D. Deficiency, Seizure Disorder and GERD (PSR ¶¶ 79-80).

### d) Rape while incarcerated

Ms. Nelson reported that on May 19, 2023, while in the shower at FMC Devens, she was the victim of a rape by another inmate. When Ms. Nelson got out of her wheelchair this inmate pushed her up against the wall and raped her anally. She tried to fight him off to no avail. She immediately reported the attack to the correctional officers and was taken to see the nurse. An investigation is underway. This same inmate had sexually harassed Ms. Nelson a few weeks prior to the attack and was told to stay away from her. Ms. Nelson does not feel safe at FMC Devens and requests this Court recommend a designation of FMC Butner Medical Center.

### IV. CONCLUSION

By all accounts, Ms. Nelson is a person who suffers from longstanding mental and physical health issues. She needs continuous medical and mental health

---

[4] Aplastic anemia is a condition that occurs when your body stops producing enough new blood cells. The condition leaves you fatigued and more prone to infections and uncontrolled bleeding. https://www.mayoclinic.org/diseases-conditions/aplastic-anemia/symptoms-causes/syc-2035501

[5] Factor V Leiden (FAK-tur five LIDE-n) is a mutation of one of the clotting factors in the blood. This mutation can increase your chance of developing abnormal blood clots, most commonly in your legs or lungs. Factor V Leiden - Symptoms and causes - Mayo Clinic

7

treatment in a medical facility. In conformity with the sentencing guidelines, an imposed sentence should not be greater than what is necessary to satisfy the goals of punishment outlined in 18 U.S.C. § 3553. In light of her background, and the circumstances surrounding the instant offense, Ms. Nelson respectfully requests a sentence of 84 months and requests that this Court designate FMC Butner Medical Center.

DATED: May 31, 2023

                 Lisa A. Peebles
                 Federal Public Defender

          By: *s/Randi J. Bianco, Esq.*
                 Supervisory AFPD
                 Bar Roll No. 507514
                 Clinton Exchange, 3rd Floor
                 4 Clinton Street
                 Syracuse, New York 13202
                 (315) 701-0080

TO: Carl G. Eurenius, AUSA
    Dennis Nelson